IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03603-WJM-STV

TRANSWEST EXPRESS LLC, a Delaware limited liability company,

    *Plaintiff*,

and

PACIFICORP, an Oregon Corporation,

    *Plaintiff-Intervenor*,

v.

SONNY PERDUE, Secretary of the United States Department of Agriculture, *et al.*,

    *Defendants*,

and

CROSS MOUNTAIN RANCH LIMITED PARTNERSHIP, a California limited partnership; and COLORADO CATTLEMEN'S AGRICULTURAL LAND TRUST,

    *Defendant-Intervenors*.

**PLAINTIFF TRANSWEST EXPRESS LLC'S RESPONSE IN OPPOSITION TO NRCS'S MOTION FOR VOLUNTARY REMAND (ECF NO. 69)**

Plaintiff TransWest Express LLC ("TransWest") respectfully opposes the motion for voluntary remand filed by the Defendant Natural Resources Conservation Service ("NRCS"), ECF No. 69. When NRCS filed the motion on June 22, 2020, TransWest did not oppose it. Given a change of circumstances since NRCS filed the motion, including filing of the administrative record and briefing on the merits of the case completed December 21, 2020, TransWest now opposes the motion.

1

## ARGUMENT

NRCS filed its motion for voluntary remand so that NRCS could review "whether its acquisition of interests through the [Conservation Easement] Deed was consistent with applicable laws, regulations, and policies." ECF No. 69 at 10. NRCS suggested that its decision to approve the Conservation Easement Deed and to accept interests in the Conservation Easement on behalf of the United States might have been in error. *Id.* at 10-12. NRCS requested the remand without vacatur of any portion of the Conservation Easement. *Id* at 13-15.

Since NRCS filed its motion on June 22, 2020, NRCS has filed the administrative record. *See* ECF Nos. 84 (July 29, 2020) and 98-100 (September 8, 2020). The parties have also recently completed briefing of the merits. *See* ECF Nos. 103-04, 114-17. When NRCS filed its motion, it appeared that a remand for NRCS to reconsider its decision could lead to a resolution of this litigation without the need for judicial review. However, in its briefs on the merits, NRCS has defended against and opposes TransWest's claims that approving the Conservation Easement Deed and accepting interests in the Easement on behalf of the United States was in violation of the law and should be set aside under the Administrative Procedure Act. *See* ECF No. 114 at 48 ("Defendants respectfully request the Court reject Plaintiffs' APA challenges under NEPA and ACEP, and that it deny their requested relief."). It therefore appears likely that a remand will only delay the ultimate resolution of this case.

Furthermore, the administrative record shows that NRCS's action in granting the Conservation Easement should be vacated as to the lands in conflict with the transmission line projects, even if the Court were to remand the case to NRCS. NRCS violated ACEP and FRPP by including ineligible land in the Conservation Easement, and NRCS violated NEPA by failing

to conduct any environmental analysis whatsoever before deciding to create a Conservation Easement that would block a planned federal transmission corridor. Given the seriousness of NRCS's deficiencies, and the lack of any real disruptive consequences from vacating the very small portion of the Conservation Easement needed for the transmission lines, vacatur is the only appropriate remedy. *See*, *e.g.*, *Nat'l Ski Areas Ass'n, Inc. v. U.S. Forest Serv.*, 910 F. Supp. 2d 1269, 1286 (D. Colo. 2012) (citing *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150 (D.C. Cir. 1993)).

The parties have briefed the vacatur remedy in their merits' briefs. *See* ECF No. 104 at 40–41, ECF No. 116 at 23–25. This case does not qualify for a remand without vacatur. *See WildEarth Guardians v. Bernhardt*, 423 F. Supp. 3d 1083, 1105 (D. Colo. 2019) (vacating, instead of remanding agency action, to avoid "bureaucratic steamroller"); *Diné Citizens Against Ruining Our Env't v. U.S. Office of Surface Mining,* No. 12-CV-01275-JLK, 2015 WL 1593995, at *3 (D. Colo. Apr. 6, 2015) (choosing vacatur where "OSM's compliance with NEPA could become a mere bureaucratic formality").

## CONCLUSION

The Court should deny NRCS's motion for voluntary remand and decide the merits of the case.

December 29, 2020.

                                         Respectfully submitted,

                                         */s/ John F. Shepherd*
                                         John F. Shepherd
                                         Utsarga Bhattarai
                                         HOLLAND & HART LLP
                                         *Attorneys for Plaintiff TransWest Express LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2020, I filed the foregoing electronically with the Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>Katherine A. Ross
>Assistant United States Attorney
>1801 California Street, Suite 1600
>Denver, CO  80202
>katherine.ross@usdoj.gov
>*Attorneys for the Federal Defendants*

>Patricia C. Campbell
>Darrell G. Waas
>WAAS CAMPBELL RIVERA JOHNSON & VELASQUEZ LLP
>1350 17th Street, Suite 450
>Denver, CO  80202
>campbell@wcrlegal.com
>waas@wcrlegal.com
>*Attorneys for Defendant-Intervenors Cross Mountain Ranch Limited Partnership and Colorado Cattlemen's Agricultural Land Trust*

>Donald M. Ostrander
>Steven Louis-Prescott
>Hamre, Rodriguez, Ostrander & Dingess PC
>3900 S. Yosemite St., Suite 500
>Denver, CO  80237
>mail@hrodlaw.com
>*Attorneys for Plaintiff-Intervenor PacifiCorp*

*s/ John F. Shepherd*
John F. Shepherd

15941535_v2

4