**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-3603-WJM-STV

TRANSWEST EXPRESS LLC, a Delaware limited liability company,

    Plaintiff,

and

PACIFICORP, an Oregon corporation,

    Plaintiff-Intervenor,

v.

THOMAS VILSACK, Secretary of the United States Department of Agriculture,
TERRY CROSBY, Acting Chief of the Natural Resources Conservation Service, and
CLINT EVANS, State Conservationist for the Colorado State Office of the Natural
Resources Conservation Service,

    Defendants,

and

CROSS MOUNTAIN RANCH LIMITED PARTNERSHIP, a California limited partnership, and
COLORADO CATTLEMEN'S AGRICULTURAL LAND TRUST,

    Defendant-Intervenors.

---

**ORDER GRANTING DEFENDANTS' MOTION TO COMPLETE AND/OR
SUPPLEMENT THE ADMINISTRATIVE RECORD**

---

Plaintiff TransWest Express LLC ("TransWest") and Plaintiff-Intervenor PacifiCorp seek judicial review under the Administrative Procedure Act, 5 U.S.C. § 706 of the National Resources Conservation Service ("NRCS")'s approval and funding of the Cross Mountain Lower Ranch Conservation Easement (the "Conservation Easement")

in December 2014, as well as NRCS's subsequent refusal to consent to TransWest's condemnation of a portion of the Conservation Easement. (ECF No. 40.) The Court presumes familiarity with the facts of this action, which are summarized elsewhere. (*See, e.g.*, ECF No. 128.)

On March 19, 2021, the Court granted Defendants' Motion for Voluntary Remand and Motion for Stay based on NRCS's representations that the administrative record may not adequately explain the agency's analysis and findings. (ECF No. 128.) On June 17, 2021, NRCS represented that after reviewing the record on remand, it has "reaffirmed its decisions to: (1) approve the Conservation Easement Deed; and (2) accept the property interest conveyed to the United States." (ECF No. 132 at 4.)

This matter is now before the Court on the Motion to Complete and/or Supplement the Administrative Record ("Motion"). (ECF No. 136.) Plaintiff-Intervenor and Defendant-Intervenors do not oppose the Motion, but TransWest does. (ECF No. 138.) For the reasons stated below, the Motion is granted.

## I. LEGAL STANDARDS

A proper administrative record must contain "all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). The Court presumes that the agency properly designated its record absent clear evidence to the contrary. *Id.* at 740. The plaintiff bears the burden to rebut that presumption. *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010).

A party may move to "complete" or "supplement" the record, or both. "Completing the record" means adding materials the agency considered but failed to

include in the record. *Id.* at 1274 n.7. "Supplementing the record" means adding materials the agency did not consider, but that should nonetheless be included in the record to permit a proper evaluation of the agency's decision. *Id.*

In seeking to complete the record, a plaintiff must establish "(1) when the documents were presented to the agency; (2) to whom; (3) and under what context." *Id.* at 1275. Having established these elements, the plaintiff must finally establish that the documents were indeed considered directly or indirectly by the relevant agency decision-makers. *Id.*

The standard for supplementing the record is less straightforward. In theory, supplementation should be "extremely limited" because "[a]ggressive use of extra-record materials . . . would run directly counter" to the notion that "the agency's action must be reviewed on the basis articulated by the agency and on the evidence and proceedings before the agency at the time it acted." *Am. Min. Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985). In the last few decades, however, the Tenth Circuit has endorsed various justifications for supplementing the record, including the following:

- "the agency action is not adequately explained and cannot be reviewed properly without considering the cited materials";
- "the record is deficient because the agency ignored relevant factors it should have considered in making its decision";
- "the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues"; and
- "evidence coming into existence after the agency acted demonstrates the actions were right or wrong."

3

*Custer Cnty. Action Ass'n v. Garvey*, 256 F.3d 1024, 1028 n.1 (10th Cir. 2001).

## II. ANALYSIS

Defendants represent that the "NRCS documented its deliberations on remand in a 38-page Decision Memorandum signed by Clinton Evans, NRCS's State Conservationist for Colorado," which "references and attaches 20 exhibits, most of which are not included in the administrative record previously filed with the Court." (ECF No. 136 at 3.) Because this documentation is now part of the agency's final decisions with respect to the Conservation Easement, Defendants argue that they should be permitted to complete the administrative record by including these additional materials. (*Id.*) They further argue that development of the administrative record was "among the express purposes for remand" and that these records will assist the undersigned in adjudicating this matter. (*Id.* at 6.)

TransWest argues that because the NRCS has decided to "reaffirm" its prior decision, the Court should deny the Motion and proceed to analyze the arguments that have already been briefed. (ECF No. 138 at 2.) It contends that it will be severely prejudiced by further delay and that the Court should "proceed expeditiously toward a final resolution of the case." (*Id.* at 3.)

After careful consideration of the parties' arguments, the Court concludes that NRCS should be allowed to complete the record to add the 38-page Decision Memorandum, including the relevant exhibits, to the administrative record. Because the Court remanded this action to the agencies, any documentation created by the NRCS's State Conservationist while on remand constitutes evidence and proceedings before the

4

agency at the time it made the final decision to reaffirm its prior decision.  Moreover, Defendants represent that these materials were considered—and signed—by relevant agency decision-makers.  Thus, the Court agrees that Defendants should be permitted to complete the administrative record by including the additional materials developed on remand, as outlined in the Motion.

The Court appreciates TransWest's concerns about additional delay in this action.  However, consider the Court's options.  If the Court were to deny the Motion outright and analyze only the current record, there is a very real possibility that the Court might conclude that Defendants' findings are not adequately supported and remand the action back to Defendants for additional deliberations, *causing even further delay*.  After all, it was this very concern that led the Court to remand the action back to the agencies in the first place.  Such a path is not an efficient use of judicial resources when the NRCS has *already* completed its additional deliberations and identified the documentation which it contends completes the administrative record.  While causing short-term delay, the Court believes that permitting NRCS to complete the record at this juncture is in the parties' long-term interests.

Accordingly, the Court grants the Motion to complete the record.

\* \* \* \*

The Court is left to decide what to do with the parties' current merits briefing.  In the Court's view, all parties should be allowed to address the entire administrative record.  The Court will therefore strike the current briefing and direct the parties to re-file merits briefing directed at the newly completed administrative record.  Because the

parties are very familiar with the facts and legal issues involved in this action, the Court will set an abbreviated briefing schedule so that this matter may be resolved as expeditiously as possible.[1]

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Complete and/or Supplement the Administrative Record (ECF No. 136) is GRANTED;

2. Defendants are directed to file a completed administrative record on or before **July 12, 2021**;

3. The parties' merits briefings (ECF Nos. 103, 104, 115, 116, 117, 127) are STRICKEN without prejudice to refiling;

4. Opening merits briefs are due **August 2, 2021**; response merits briefs are due **August 23, 2021**; and reply merits briefs are due **September 6, 2021**; the Court will apply WJM Revised Practice Standards III.C.1 regarding page limits for ERISA appeal merits briefs to the merits briefs of this appeal.  Accordingly, opening and response briefs will be no more than 50 pages, and reply briefs will be no more than 25 pages.

---

[1] The Court disagrees with any suggestion by TransWest that it previously unambiguously committed itself to analyze the current merits briefing if Defendants reaffirmed their decision.  (ECF No. 138 at 2.)  The Court actually stated that "[t]o the extent Defendants do not amend their prior decision-making on remand, there is no prejudice to the current action as the Court will analyze the arguments that have already been briefed."  (ECF No. 128 at 11.)  By developing additional documents on remand, NRCS has in fact amended its decision-making process, which now necessitates the consideration of additional documentation.  At any rate, as the Court recognized, "the parties' current merits briefing will no doubt analyze numerous issues common to both sets of final decisions, and thus most surely will not have been prepared for

Dated this 7th day of July, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

naught." (*Id.*)